**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| PICTURE FRAME INNOVATIONS, LLC,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | Civil Action No. _____ |
| ) | |
| EASTMAN KODAK COMPANY, and  ) | |
| CDW CORPORATION,  ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants.  ) | |
| ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Picture Frame Innovations, LLC ("PFI") makes the following claims for relief against Defendants Eastman Kodak Company ("KODAK") and CDW Corporation ("CDW") as follows:

## NATURE OF LAWSUIT

1.      This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code § 1 et seq.  This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

## PARTIES AND PATENT

2.      Plaintiff Picture Frame Innovations, LLC ("PFI") is an Illinois limited liability company with its principal place of business at 125 South Wacker Drive, Suite 300, Chicago, Illinois, 60606.  PFI owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,107,605 B2 ("Digital Image Frame and Method for Using the Same") (hereinafter the "'605 patent").

3.     Eastman Kodak Company ("KODAK") is a New Jersey corporation with its principal place of business at 343 State Street, Rochester, New York, 14650-0001. KODAK is registered to do business in the State of Illinois as Eastman Kodak Company. KODAK has committed acts of infringement in this judicial district and does regular business in this judicial district, including providing, in this judicial district, the products accused of infringement.

4.     CDW Corporation ("CDW") is an Illinois corporation with its principal place of business at 200 North Milwaukee Avenue, Vernon Hills, Illinois, 60061-1577.  CDW is registered to do business in the State of Illinois as CDW Corporation.  CDW has committed acts of infringement in this judicial district and does regular business in this judicial district, including providing, in this judicial district, the products accused of infringement.

## VENUE

5.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

## DEFENDANTS' ACTS OF PATENT INFRINGEMENT

6.     Defendant CDW has infringed and continues to infringe one or more of the digital image frame apparatus claims of the '605 patent through, among other activities, the use, importation, sale and/or offer for sale of digital image frames and/or digital image frame components, such as the Kodak EasyShare W1020 Wireless Digital Frame and the Kodak EasyShare W820 Wireless Digital Frame, that employ the inventions of said claim(s).  CDW is also infringing one or more claims of the '605 patent by knowingly and actively inducing others to infringe, contributing to the infringement of

others and/or aiding and abetting others' direct infringement (such as its customers, users and business partners in this judicial district and throughout the United States) through at least such others' use of said digital image frames and/or digital image frame components.  At least by way of this Complaint, CDW has actual notice of the '605 patent and is acting with the specific intent to induce, contribute to and/or aid and abet others' direct infringement.

7.    Defendant KODAK has infringed and continues to infringe one or more of the digital image frame apparatus claims of the '605 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of digital image frames and/or digital image frame components, such as the Kodak EasyShare W1020 Wireless Digital Frame, the Kodak EasyShare W820 Wireless Digital Frame, the Kodak EasyShare EX811 Digital Picture Frame, the Kodak EasyShare EX1011 Digital Picture Frame and the Kodak OLED Wireless Frame, that employ the inventions of said claim(s).  KODAK has infringed and continues to infringe one or more claims of the '605 patent by knowingly and actively inducing others to infringe, contributing to the infringement of others and/or aiding and abetting others' direct infringement (such as its customers, users and business partners in this judicial district and throughout the United States) through such others' manufacture, use, importation, sale and/or offer for sale of said digital image frames and/or digital image frame components.  KODAK is currently prosecuting at least three patents (U.S. Pub. Nos.: 2008/0165081 Al, 2008/0165082 Al and 2008/0235574 A1), all filed on January 5, 2007, which discuss the '605 patent in their written descriptions.  Accordingly, KODAK has been fully aware of and has had actual knowledge of the '605 patent since at least January 5, 2007, yet has acted and

continues to act with the specific intent to induce, contribute to and/or aid and abet others' direct infringement.

8.    KODAK has known about the '605 patent since at least January 5, 2007 and has continued its actions despite an objectively high likelihood that these actions constituted infringement of the '605 patent.    This likelihood was known or was so obvious that it should have been known by KODAK.    Accordingly, KODAK's infringement, inducement to infringe and/or contributory infringement has been and continues to be willful and deliberate.

9.    To the extent required by law, PFI has complied with the marking requirements of 35 U.S.C. § 287.

10.    Defendants' infringement has injured PFI, and PFI is entitled to recover damages adequate to compensate it for such infringement, but, in no event, less than a reasonable royalty.

11.    Further, PFI will continue to be injured unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, offers for sale and/or sale of Defendants' products and/or technologies that fall within the scope of the asserted claims of the '605 patent.

## PRAYER FOR RELIEF

WHEREFORE, PFI asks this Court to enter judgment against each defendant and against each defendant's subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A.    An award of damages adequate to compensate PFI for the infringement that has occurred, together with prejudgment interest from the date

infringement of the '605 patent began;

      B.    An award to PFI of all remedies available under 35 U.S.C. § 284;

      C.    A finding that KODAK's infringement has been willful and an award of increased damages as provided by 35 U.S.C. § 284;

      D.    An award to PFI of all remedies available under 35 U.S.C. § 285;

      E.    A permanent injunction prohibiting further infringement, inducement and contributory infringement of the '605 patent; and,

      F.    Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

PFI demands a trial by jury on all issues so triable.


Date: August 10, 2009          Picture Frame Innovations, LLC


          /s/ Brian E. Haan_____
          Raymond P. Niro
          David J. Sheikh
          Brian E. Haan
          NIRO, SCAVONE, HALLER & NIRO
          181 West Madison Street, Suite 4600
          Chicago, Illinois 60602-4515
          Phone: (312) 236-0733
          Fax: (312) 236-3137