**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| PICTURE FRAME INNOVATIONS, LLC,    )<br>                                                                  )<br>         Plaintiff,                                      )<br>                                                                  )<br>     vs.                                                       )<br>                                                                  )<br>EASTMAN KODAK COMPANY and  )<br>CDW CORPORATION,                          )<br>                                                                  )<br>         Defendants.                                 )<br>                                                                  ) | Case No. 1:09-cv-4888<br>Judge Blanche M. Manning<br>Magistrate Judge Nan R. Nolan |

**DEFENDANT CDW CORPORATION'S MEMORANDUM
IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

CDW Corporation ("CDW"), through its attorneys, Thomas Duston and Anthony Gabrielson of Marshall, Gerstein & Borun LLP, submits the following Memorandum in support of its Motion to Dismiss on the grounds that the Complaint fails to state a cause of action for which relief can be granted. In support of its Motion, CDW states the following:[1]

**I.     APPLICABLE LAW**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal is warranted when a complaint fails to set forth "sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Ashcroft court stated that a court need not accept legal conclusions in a complaint as true. Id. The Court noted that:

---

[1] Many of the subjects discussed herein are more fully treated in Defendant Eastman Kodak Company's Memorandum supporting its Motion to Dismiss, Docket No. 24. As such, CDW endeavors to avoid unnecessary repetition of background facts or arguments herein.

>Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation.") (internal quotation marks omitted).

Id. (citations omitted).

## II.    ARGUMENT

### A.    The Complaint Fails to State a Cause of Action for Direct Infringement By Failing to Allege Sales or Other Actions by CDW Involving an Apparatus Meeting Every Claimed Limitation of the '605 Patent.

Direct infringement requires that the defendant make, use, offer to sell, sell or import a *patented invention*.  35 U.S.C. § 271(a) (emphasis added).  To directly infringe, a product must meet all limitations of asserted patent claims.  See Dynacore Holdings Corp. v. U.S. Philips Corp., 363 F.3d 1263, 1272 (Fed. Cir. 2004); Moody v. Morris, 608 F. Supp. 2d 575, 579 (S.D.N.Y. 2009) ("[A]n infringing product must encompass *all* of the limitations that define the invention.") (citing IMS Tech., Inc. v. Haas Automation, Inc., 206 F.3d 1422, 1429 (Fed. Cir. 2000)).

The patented invention of the '605 patent involves a "digital image frame coupled with a computer system via a local area network (LAN)."  Claim 1 of the '605 patent (its only independent claim) recites:

>1. An apparatus comprising: *a digital image frame coupled with a computer system via a local area network (LAN)* comprising a display device surrounded by an enclosure modeled to resemble a picture frame, a buffer memory, a wireless LAN transceiver for use in exchanging data between the digital image frame and the computer system via the LAN, and a control system in communication with the display device, the buffer memory, and the wireless LAN transceiver, where the wireless LAN transceiver receives digital image data streamed from the computer system, the control system decodes the streamed digital image data received by the wireless LAN transceiver and stores the decoded digital image data in a portion of the buffer memory, the control system reads

> the decoded digital image data from the portion of the buffer memory to thereby display a representation of the decoded digital image data in the display, and the control system frees the portion of the buffer memory after a predetermined time period to thereby make the portion of the buffer memory available to store further decoded digital image data resulting from further digital image data streamed from the computer system and received by the wireless LAN transceiver.

'605 patent at 19:33-20:14 (emphasis added).

The products sold, used or offered by CDW are not alleged to include any computer system coupled to the frame via a local area network. In paragraph 4 of its Complaint, PFI merely alleges in generic and conclusory language that "CDW has committed acts of infringement in this judicial district and does regular business in this judicial district, including providing, in this judicial district, the products accused of infringement." Id. at ¶ 4. In Paragraph 6, PFI alleges:

> 6.    Defendant CDW has infringed and continues to infringe one or more of the digital image frame apparatus claims of the '605 patent through, among other activities, the manufacture, use, importation, sale and/or offer for sale of ***digital image frames and/or digital image frame components, such as the Kodak EasyShare W1020 Wireless Digital Frame and the Kodak EasyShare W820 Wireless Digital Frame***, that employ the inventions of said claim(s). CDW is also infringing one or more claims of the '605 patent by knowingly and actively inducing others to infringe, contributing to the infringement of others and/or aiding and abetting others' direct infringement (such as its customers, users and business partners in this judicial district and throughout the United States) through at least such others' use of said digital image frames and/or digital image frame components.

Id. at ¶ 6 (emphasis added). All of PFI's allegations against CDW relate solely to a digital image frame manufactured by Kodak. The words "computer system" and "local area network" appear nowhere in PFI's Complaint. Accordingly, PFI fails to state a claim for direct infringement of the '605 patent against CDW.

**B. The Complaint Fails to State a Cause of Action for Indirect Infringement By Failing to Allege CDW Both Knew of, and Acted With the Specific Intent to Infringe, the '605 Patent.**

Active inducement and contributory infringement both require prior knowledge of the asserted patent. See, e.g., DSU Med. Corp. v. JMS Co., 471 F.3d 1293, 1306 (Fed. Cir. 2006) (infringement under 35 U.S.C. § 271(b) requires a showing "that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement"); Hewlett-Packard Co. v. Bausch & Lomb Inc., 909 F.2d 1464, 1469 n.4 (Fed. Cir. 1990) ("[C]ase law [has] held that Sec. 271(c) required . . . knowledge of the patent[.]") (citation omitted).

PFI does not allege that CDW had prior knowledge of the patent.[2] PFI alleges only that CDW acquired knowledge of the patent as a result of PFI's filing of the present action. See Complaint at Para. 6 ("At least by way of this Complaint, CDW has actual notice of the '605 patent . . . .") The underlying bases for the asserted cause of action must exist at the time of filing of the complaint. See, e.g., Spectronics Corp. v. H.B. Fuller Co., 940 F.2d 631, 635 (Fed. Cir. 1991), abrogated on other grounds by Cardinal Chem. Co. v. Morton Int'l, 508 U.S. 83, 95 (1993) (stating that "later events may not create jurisdiction where none existed at the time of filing"); Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 734 n.2 (Fed. Cir. 1988) ("The presence or absence of jurisdiction must be determined on the facts existing at the time the complaint under consideration was filed."). As such, PFI's own allegations fail to establish that an actionable claim for indirect infringement existed at the time the Complaint was

---

[2] Additionally, PFI fails to allege that persons other than CDW infringe the patent by making, using or selling the patented invention – a necessary element of a claim for indirect infringement. See Met-Coil Sys. Corp. v. Korners Unlimited, Inc., 803 F.2d 684, 687 (Fed. Cir. 1986) ("Absent direct infringement of the patent claims, there can be neither contributory infringement, nor inducement of infringement.") (internal citations omitted). PFI further fails to allege the accused products are not suitable for a substantial non-infringing use – a required element under 35 U.S.C. § 271(c). See Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc., 424 F.3d 1293, 1312 (Fed. Cir. 2005).

filed necessary to support this Court's subject matter jurisdiction, and PFI's Complaint is properly dismissed.

## III.  CONCLUSION

For all the foregoing reasons, PFI's Complaint fails to state a claim on which relief can be granted and CDW's Motion to Dismiss should be granted.

Dated:  October 2, 2009    Respectfully submitted,

  /s/  Anthony S. Gabrielson
Thomas L. Duston
tduston@marshallip.com
Anthony S. Gabrielson
agabrielson@marshallip.com
Marshall, Gerstein & Borun LLP
6300 Sears Tower
233 South Wacker Drive
Chicago, IL 60606-6357
(312) 474-6300

*Attorneys for Defendant CDW Corporation*

## CERTIFICATE OF SERVICE

I, Anthony S. Gabrielson, an attorney, hereby certify that on October 2, 2009, I caused a copy of the foregoing DEFENDANT CDW CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) to be electronically filed using the CM/ECF system, which sent notification of such filing to all counsel of record.

    /s/   Anthony S. Gabrielson
Anthony S. Gabrielson