**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PICTURE FRAME INNOVATIONS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:09-CV-4888 |
| EASTMAN KODAK COMPANY, and | ) | |
| CDW CORPORATION, | ) | Judge George W. Lindberg |
| | ) | Magistrate Judge Nan R. Nolan |
| Defendants. | ) | |
| | ) | |

**DEFENDANT EASTMAN KODAK COMPANY'S OPPOSITION TO PFI'S MOTION
TO MODIFY THE COURT'S FEBRUARY 17, 2010 ORDER (DKT. NO. 39)**

On February 17, 2010, Defendant Eastman Kodak Company ("Kodak") requested that

the Court order that a representative of Intellectual Ventures ("IV") attend the upcoming

settlement conference in this case because published reports indicated that IV had a stake in the

outcome of this case.  The Court granted Kodak's request.  (Dkt. No. 39).  Plaintiff Picture

Frame Innovations, LLC ("PFI") now moves that the Court modify its Order by removing that

requirement.  PFI's intent on secrecy is evidenced by the fact that after obtaining Kodak's

agreement to treat material filed under seal as confidential – outside counsel only, PFI waited

until less than 24 hours before the presentment of the current motion to provide Kodak's counsel

with what appears to be an incomplete copy of that material.[1]  Notwithstanding PFI's reluctance

to fully disclose this material to Kodak, publicly available information ties IV to this case and to

the '605 patent-in-suit.  For the reasons stated below, PFI's motion should be denied.

---

[1] As discussed in Kodak's Opposition to PFI's Motion to Seal, filed concurrently herewith, PFI has apparently not attached the complete patent sale agreement as Exhibit A to its motion, failing to include the exhibits thereto.

With respect to the other issues raised by PFI's motion, Kodak would be willing to agree to supply sales data for its accused products if in return PFI is willing to supply Kodak with claim charts detailing how PFI believes the claims of the '605 patent apply to the accused products in advance of the settlement conference.  Moreover, Kodak has no objection to Magistrate Judge Nolan presiding over the settlement conference.

I.      <u>**A Representative From Intellectual Ventures Should Be Present At The Settlement Conference**</u>

In 2000, two former Microsoft employees formed a company called Intellectual Ventures with the purpose of accumulating patents and licensing or selling those rights to companies for a fee.  IV is a "non-practicing entity," meaning that it does not manufacture or sell any products that practice its patents.  Since its formation, IV has reportedly amassed over $5 billion in investments and purchased around 30,000 patents.  *See* Steve Lohr, *Turning Patents into 'Invention Capital'*, N.Y. Times, Feb. 17, 2010, attached hereto as Ex. A.  According to press reports, IV has used its war chest of patents to extract large licensing fees from numerous high profile companies.  Apparently in an effort to avoid being associated with its more litigious counterparts (sometimes referred to as "patent trolls"), IV has maintained that it does not use litigation as a tactic to pressure companies into licensing deals.  *See* Zusha Elinson, *Intellectual Ventures Takes Indirect Route to Court*, Law.com, Sept. 1, 2009, attached hereto as Ex. B.

IV's operations have been shrouded in secrecy.  According to a report published in the New York Times last week, IV has recently adopted a litigation strategy and is using shell corporations in an effort to conceal its involvement.  Ex. A.  This report indicates that more than 1,100 shell companies and affiliated entities are linked to IV.  Ex. A.  Through use of these shell companies, IV apparently receives indirectly a share in any money the shell company receives as a result of litigation-driven licensing of patents.  Ex. B.  IV's new "catch and release" model

effectively outsources litigation to other non-practicing entities, while maintaining a financial stake in the outcome.  Ex. B.

Despite IV's attempts to maintain a veil of secrecy over its activities, they have not escaped the attention of the technology industry or the media, and both have taken an interest in the current litigation based on IV's documented relationship to the '605 patent.  Steve Lohr, *The Patent Litigation Dilemma: Free Riders*, N.Y. Times, Bits Blog, Feb. 18, 2010, attached hereto as Ex. C; *see also* Ex. B.  The '605 patent was previously asserted by its then owner, EZ4Media, against Apple Inc., a company with reported ties to IV.  Ex. B.  Shortly after the dismissal of that lawsuit, EZ4Media transferred the '605 patent to a company called Vivianna Research LLC.  Craig Janik, the named inventor, is reported to have stated in an interview that EZ4Media told him it had sold the patents to IV.  *Id.*  Moreover, reports indicate that the Delaware address of Vivianna Research, as well as the attorneys involved with the transfer of the patent rights to Vivianna Research, are consistent with other known IV shell companies.  *Id.*  Perhaps most telling is the fact that IV representatives neither confirm nor deny that Vivianna Research is an IV entity.  *Id.*  In an attempt to further distance IV from enforcement of the '605 patent, Vivianna Research sold the rights to PFI, another non-practicing shell entity, who then filed the current lawsuit.  The terms of that sale are set forth in Exhibit A to PFI's motion.  While PFI cites section 3.6 of the agreement, Kodak directs the Court to sections 2.1(b), 2.2, 3.1, 3.3 and 3.4 for its consideration.

PFI is a limited liability company, whose alleged sole member is J. Beauregard Parker, a Florida attorney who has reportedly headed up several other LLCs represented by PFI's counsel in other patent infringement suits.  *Id.*  Moreover, IV's senior vice president of licensing indicated in a recent interview reported in the New York Times "Bits" Blog that the company

has "bought or licensed a handful of patents from the shell company, and then licensed them back to the shell company" in a "defensive move" to shield one of IV's licensees. Ex. C. This statement contradicts PFI's claim that IV has had no input in the enforcement of '605 patent. Moreover, the fact that IV stepped in and took action to protect its unnamed licensee reveals that IV has indeed exerted control. The IV licensing executive further indicated that he is "not opposed to taking a stake" in this litigation. *Id.* Thus, it appears that IV has been involved in the purchase and sale of the '605 patent, making it appropriate for a representative from IV to be present at the upcoming settlement conference.

PFI's motion to modify should be denied. PFI has demonstrated no prejudice that would flow to it from IV's participation in the upcoming settlement conference in this case. As a defendant, Kodak should be accorded the right to sit down across the table from IV as well as PFI, so that it can inquire as to IV's intentions. It should come as no surprise that Kodak's attitude towards settlement may be affected by learning whether or not this case is the first of a series of patent litigation salvos to be launched against it by IV, whether directly or through a proxy like PFI. Nor does the caselaw counsel against IV's participation in the settlement conference. The cases cited by PFI in its motion relate to the issue of standing to sue, which is irrelevant to the current motion. Even assuming (without conceding) that IV could not properly be joined as a party, that has no bearing on whether IV should be required to attend the settlement conference. Indeed, PFI cites no authority for the novel proposition that only parties with standing to sue on a patent should attend settlement conferences. Given IV's reported involvement, their participation is essential and PFI's motion to remove the requirement that they attend should be denied.

II.     **PFI Should Provide Kodak With Claim Charts In Advance Of The Settlement
        Conference**

In order to provide Kodak with an opportunity to evaluate PFI's infringement claims

prior to the settlement conference, Kodak requests that PFI provide claim charts to Kodak

detailing its contentions as to how the '605 patent applies to the accused products on an element-

by-element basis.  If PFI agrees to submit such claim charts to Kodak in advance of the

conference, Kodak will provide PFI with unit and dollar volume sales data in exchange.

III.    **Kodak Does Not Object To Magistrate Judge Nolan**

Finally, Kodak has no objection to PFI's request that Magistrate Judge Nolan conduct the

settlement conference.  However, Kodak notes that the parties have not inquired as to Magistrate

Judge Nolan's availability in the upcoming weeks.  Scheduling may become more difficult given

the need to find a date on which all participants <u>and</u> the Magistrate Judge can be available.  Since

the Court's Order requires that the settlement conference be held prior to March 17, 2010,

finding a date that will fit everyone's calendar may be a challenge.

IV.     **Conclusion**

For the foregoing reasons, Kodak respectfully requests that the Court deny PFI's motion

to remove the requirement that a representative from IV attend the upcoming settlement

conference.  Kodak further requests that the Court order PFI to provide detailed claim charts to

Kodak in advance of the settlement conference.

Respectfully submitted on Feb. 23, 2010,

/s/ Timothy J. Heverin
_____

James L. Wamsley, III
jlwamsleyiii@jonesday.com
Tracy A. Stitt
tastitt@jonesday.com
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:     (216) 586-3939
Facsimile:     (216) 579-0212


Timothy J. Heverin (6243107)
tjheverin@jonesday.com
Ryan M. Hubbard (6296777)
rmhubbard@jonesday.com
JONES DAY
77 West Wacker
Chicago, IL  60601-1692
Telephone:     (312) 782-3939
Facsimile:     (312) 782-8585

*Attorneys for Defendant*
*Eastman Kodak Company*

CLI-1783577v2

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on February 23, 2010, a true and correct

copy of the foregoing **DEFENDANT EASTMAN KODAK COMPANY'S OPPOSITION TO**

**PFI'S MOTION TO MODIFY THE COURT'S FEBRUARY 17, 2010 ORDER** was served

via the Court's CM/ECF and e-mail to the attorneys of record listed below:

| | |
|---|---|
| Raymond P. Niro | Thomas L. Duston |
| rniro@nshn.com | tduston@marshallip.com |
| David J. Sheikh | Anthony S. Gabrielson |
| sheikh@nshn.com | agabrielson@marshallip.com |
| Brian Erik Haan | MARSHALL, GERSTEIN & BORUN LLP |
| bhaan@nshn.com | 233 South Wacker Drive |
| NIRO, SCAVONE, HALLER & NIRO, LTD. | 6300 Sears Tower |
| 181 West Madison Street | Chicago, IL 60606-6357 |
| Suite 4600 | (312) 474-6300 |
| Chicago, IL  60602 | |
| (312) 236-0733 | *Attorneys for Defendant CDW Corporation* |

*Attorneys for Plaintiff*
*Picture Frame Innovations, LLC*

/s/ Timothy J. Heverin

CLI-1783577v2